IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHYNE V. ANDERSON, | ) | |
| | ) | CASE NO. 1:18 CV 1996 |
| Petitioner, | ) | |
| | ) | JUDGE JEFFREY J. HELMICK |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN DAVID MARQUIS, | ) | WILLIAM H. BAUGHMAN, JR. |
| Richland Correctional Institution, | ) | |
| | ) | **REPORT &** |
| Respondent. | ) | **RECOMMENDATION** |

### Introduction

Before me[1] is the petition of Shyne v. Anderson for a writ of habeas corpus under

28 U.S.C. § 2254.[2]  Anderson was convicted in the Cuyahoga County Common Pleas Court

in 2016 of kidnapping, aggravated burglary, domestic violence, criminal damaging, rape,

grand theft, assault, burglary, robbery, and abduction.[3]  He is serving a sentence of 22 years[4]

and currently is incarcerated at the Richland Correctional Institution in Mansfield, Ohio.[5]

In his petition, Anderson raises nine grounds for habeas relief.[6]  The State has filed

a return of the writ, arguing that the petition should be denied as the grounds are either

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Jeffrey J. Helmick by non-document order dated September 7, 2018.
[2] ECF No. 1.
[3] *Id.*
[4] *Id.*
[5] http://www.drc.state.oh.us/OffenderSearch
[6] ECF No. 1 at 16-21.

unexhausted, procedurally defaulted, not cognizable, and/or without merit.[7] For the following reasons, I recommend Anderson's petition be dismissed in part and denied in part.

## Background

### A.     Underlying facts, conviction, and sentence.

The facts that follow come from the decision of the appeals court.[8]

Anderson's conviction arises out of an incident involving Shana Saunders, the mother of Anderson's child.[9] Saunders testified that in July of 2014, she and Anderson, after a night of drinking, got into an altercation after Saunders expressed her desire to go home.[10] Thinking she was going to see another man, Anderson chased her around her vehicle, took her key, and drove off in her vehicle.[11] Saunders walked for about an hour until Anderson returned to her.[12] Saunders picked up a brick off the street and got into the car.[13] Anderson and Saunders began to argue, and Saunders threw the brick into Anderson's lap.[14] In response, Anderson picked up the brick and threw it at Saunders, striking her face

---

[7] ECF No. 9, at Ex. 19.

[8]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court.  28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.

[10] ECF No. 9 at Ex. 34.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

above her eye, causing a gash.[15] Anderson denied Saunders request to seek medical treatment and drove her to her house instead.[16]

Once there, Anderson followed her inside.[17] The two continued to argue, and Saunders picked up a kitchen knife, stabbing it into the wall out of anger.[18] She injured her fingers in the process.[19] Anderson left, taking her vehicle.[20] A friend of Saunders, who was in the home at the time, called the police.[21] The paramedics arrived to take Saunders to the hospital, where she received multiple stiches to her wound above her eye.[22]

For his conduct during the July 2014 incident, Anderson was indicted for four counts of felonious assault, two counts of domestic violence, and kidnapping.[23]

In January of 2015, another altercation occurred.[24] Saunders testified that she and Anderson had been out drinking when she asked him to drop her off at a gas station near her house.[25] As she was walking home from the gas station, Anderson followed her in his

---

[15] ECF No. 9 at Ex. 34; *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*

vehicle.[26] After arriving at home, Saunders began talking to a friend on the phone.[27] Suddenly, Saunders saw Anderson hanging in the window of her apartment.[28] The window was about 20 feet off the ground, with no ladder or rope leading to it.[29] He then lifted the window and climbed in.[30] Saunders fled her apartment and ran downstairs.[31] Anderson chased her and immediately began hitting her in the face.[32] Neighbors, hearing the commotion, opened their door, as Saunders fell inside their apartment and Anderson followed her in.[33] An altercation ensued between Anderson and the residents of the apartment, during which Saunders called the police, and the windows of the apartment were shattered.[34] Saunders sustained injuries to her jaw, forehead, and eye.[35] A police officer arrived to the scene, finding Saunders bleeding and crying, and the neighbors shaken up.[36] The windshield of the vehicle parked in the driveway was also shattered.[37]

For the January 2015 incidents, Anderson was indicted for two counts of aggravated burglary, one count of domestic violence, and two counts of criminal damaging.[38]

Two later incidents occurred between Anderson and A.W., his then-girlfriend.[39] The

---

[26] *Id.*
[27] *Id.*
[28] ECF No. 9 at Ex. 34; *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *Id.*
[37] *Id.*
[38] *Id.*
[39] ECF No. 9 at Ex. 34.

first, occurring in July of 2015, began with an argument between A.W. and Anderson, according to her testimony.[40] A.W. left the house following the argument, and returning, she found Anderson in her home.[41] After A.W. entered, Anderson grabbed her, punched her, threw her to the ground and kicked her.[42] He ripped off A.W.'s shorts and forced his fingers inside her vagina, accusing her of cheating with someone else.[43] A.W. fought him off, running to the bathroom to hide.[44] Anderson followed her, tearing down the shower curtain and hitting A.W. with the curtain rod.[45] Anderson then took A.W.'s cell phone and car keys and drove off with her car. A.W. called the police.[46] The assault lasted about 20 to 45 minutes, and left A.W. with bruises to her arms and face.[47]

In December of 2015, Anderson and A.W. went drinking in A.W.'s rental car.[48] After asking for Anderson to drop her off at her home, A.W. testifies he refused, and began to argue with her.[49] Anderson tried to drag A.W. out of the vehicle, but she fought him off.[50] Later, Anderson showed up in A.W.'s driveway and damaged her rental car.[51]

---

[40] *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.*
[48] *Id.*
[49] *ECF No. 9 at Ex. 34.*
[50] *Id.*
[51] *Id.*

In another incident in December 2015, Anderson broke into A.W.'s house, thinking there was another man inside.[52] He threw several punches at A.W., sprayed her with a spray bottle, and threw cooking oil and juice on her.[53] He left in her vehicle without her permission. A.W. called the police about the incident.[54]

Both January incidents resulted in indictments for rape, gross sexual imposition, kidnapping, aggravated burglary, grand theft, intimidation of a crime victim, abduction, robbery, and assault.[55]

From December 2015 to February 2016, Anderson faced grand jury indictments in Cuyahoga County, Ohio for the previous charges.[56] Anderson had legal presentation throughout the trial court proceedings.[57] Prior to trial, Anderson filed discovery requests and motions for notice of intent to use Ohio Evid. R. 404(B) evidence of other bad acts, and the State filed discovery responses, bills of particulars, and supplemental discovery responses.[58] The State filed a motion of consolidate all four cases for trial and the trial court granted the motion over Anderson's oral objection.[59] Anderson waived and elected to have his cases tried by the court.[60]

---

[52] *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.
[53] *Id.*
[54] *Id.*
[55] *Id.*
[56] ECF No. 9, at Ex. 2.
[57] *Id.* at Ex. 4.
[58] *Id.* at Ex. 9-11.
[59] ECF No. 9 at 6.
[60] *Id.* at Ex. 13.

The consolidated cases proceeded to bench trial.[61] The trial court found Anderson guilty of Rape, Kidnapping, Robbery, Domestic Violence, Felonious Assault, second-degree Burglary Intimidation of a Crime Victim or Witness, and Abduction.[62] The trial court also convicted him of two Aggravated Burglary charges, two Criminal Damaging charges, two Assault charges, and two Grand Theft charges.[63] Anderson was sentenced to 22 aggregate years and classified as a Tier III Sex Offender in a sentencing entry on April 18, 2016.[64]

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

Anderson filed through counsel a timely[65] notice of appeal[66] with the Ohio Court of Appeals on May 9, 2016.  In his brief, Anderson raised three assignments of error:

1.    The court found, against the manifest weight of the evidence, that the appellant committed the acts alleged in the indictment.

2.    The trial court erred when it admitted other acts testimony in violation of R.C. 2945.59, Evid. R. 404(b) and appellant['s] rights under Article I, Section 10 of the Ohio Constitution and the Fourteenth amendment to the United States Constitution.

3.    Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV, United States Constitution and Article I,

---

[61] *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2017-Ohio-931, 86 N.E.3d 870.
[62] *Id.*
[63] *Id.*
[64] ECF No. 9 at Ex. 14-17.
[65] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed.  *See Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at 2 (N.D. Ohio Jan. 18, 2007) (unreported case).  Anderson's conviction and sentence were journalized on April 18, 2016 (ECF No. 9 at 10), and the notice of appeal was filed on May 9, 2016.  *Id.* at 11.
[66] ECF No. 1 at 2.

Section 10 of the Ohio Constitution.[67]

The state filed a brief in response.[68] Anderson subsequently filed a *pro se* motions to withdrawal counsel and appoint new counsel, to which his counsel responded.[69] The state appellate court denied Anderson's *pro se* motions.[70] Next, Anderson filed a *pro se* motion for discovery, and the State filed an oppositional response.[71] The state appellate court denied Anderson's motion as moot.[72] Anderson then filed a pro se  motion to pull call record", which the state appellate court denied.[73] Anderson then filed a *pro se* pleading captioned  Newly discovered evidence."[74]

On March 16, 2017, the state appellate court overruled Anderson's error assignments and affirmed Anderson's convictions and sentences.[75]

### 2.    *Appeal to the Supreme Court of Ohio*

On June 2, 2017, Anderson filed an untimely[76] *pro se* appeal notice and a motion

---

[67] ECF No. 9 at Ex. 19.

[68] *Id.,* at Ex. 20.

[69] *Id.,* at Ex. 21-25.

[70] *Id.,* at Ex. 23.

[71] *Id.,* at Ex. 28-29.

[72] *Id.,* at Ex. 30.

[73] *Id.,* at Ex. 31-32.

[74] *Id.,* at Ex. 33.

[75] *State v. Anderson*, 2017-Ohio-931, 86 N.E. 3d 870.

[76] *See* Ohio S. Ct. Prac. R. 7.01(A)(5)(b) (to be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought); *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case). The Ohio court of appeals decision was filed on March 16, 2017, (*id.* at 133),

for delayed appeal in the Ohio Supreme Court.[77] The court granted Anderson leave to file a delayed appeal and Anderson raised the following four propositions of law in his jurisdictional memorandum:

1. The court found, against the manifest weight of the evidence, that the appellant committed the acts alleged in the indictment.

2. The trial court erred when is admitted other acts in violation of R.C. 2945.59, Evid. R. 404(B) and appellant rights under Article I, Section 10 of the Ohio Constitution and the Fourteenth Amendment to the Untied States Constitution.

3. Appellant was denied effective assistance of counsel in violation of amendments VI and XIV, Untied State Constitution and Article I, Section 10 of the Ohio Constitution.

4. Appellant was denied and/or equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution when the Eight District Court of Appeals denied him motion to withdraw appellant counsel.[78]

The state did not respond to the memorandum.[79] On December 20, 2017, the Ohio Supreme Court declined to accept jurisdiction of Anderson's appeal.[80] Anderson did not timely file a petition for certiorari in the United States Supreme Court and his filing deadline expired on March 20, 2018.[81]

---

and Anderson's notice of appeal to the Supreme Court of Ohio was filed on June 2, 2017; thus, it is untimely. (ECF No. 9)

[77] ECF No. 9 at Ex. 35.

[78] ECF No. 9 at Ex. 38.

[79] ECF No. 9 at Ex. 39.

[80] *State v. Anderson*, 151 Ohio St. 3d 1474, 2017-Ohio-0111; 87 N.E.3d 1272.

[81] Sup. Ct. R. 13.

### 3. *App. R. 26(b) Application to Reopen Appeal*

On May 26, 2017, Anderson timely[82] filed a pro se application to reopen his direct appeal due to ineffective assistance of appellate counsel under Ohio App. 26(B).[83] Anderson argued his appellate counsel was unconstitutionally ineffective for not raising these claims on direct appeal:

1. Prosecutorial Misconduct.

2. Ineffective Assesstants of Trial Counsels'. [*sic.*]

3. Relevance (as defined by Federal Rule of Evidence 402).

4. Judicial Findings contrary to the evidence.

5. Faulty police methods.

6. Insufficient Evidence.[84]

Following the State's memorandum in oppositions, and Anderson's response, the state appellate court denied Anderson's application to reopen his direct appeal.[85]

On February 14, 2018, Anderson filed a timely[86] pro se appeal notice in the Ohio

---

[82] Under Ohio R. App. P. 26(B), an application for reopening must be filed in the court of appeals within ninety days from journalization of the appellate judgement. Anderson's appeal is considered timely because the appellate judgement was journalized on March 16, 2017 and his application to reopen the direct appeal was filed on May 26, 2017. *Flynn v. GMC*, Ohio App. 3d, 2004 Ohio 392, N.E. 2d, 2004 Ohio App. LEXIS 343 (2004).

[83] ECF No. 9 at Ex. 40.

[84] ECF No. 9.

[85] *Id.*

[86] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See, Smith v. Konteh*, No. 3:04CV7456, 2007 WL

Supreme Court, in which he raised the following propositions of law:

1.  Prosecutor Misconduct.

2.  Ineffective Assistance of Trial Counsel.

3.  Relevance as defined by Federal Rule of Evidence 402.

4.  Judicial Finding contrary to the evidence.

5.  Faulty police methods.

6.  Insufficient evidence.

7.  Insufficient Assistance of Appellant counsel.[87]

Anderson also filed a motion for discovery and a motion for transcripts. The Ohio Supreme Court declined to accept jurisdiction of Anderson's appeal and denied Anderson's motions on April 25, 2018.[88] Anderson did not file a petition for certiorari in the United States Supreme Court and his filing deadline expired on July 24, 2018.[89]

**D.   Post-Conviction Relief**

On October 5, 2016, Anderson filed a timely[90] *pro se* motion for transcripts and a *pro se* motion of discovery in the trial court, to which the State replied in opposition.[91]

---

171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case).  Anderson placed his notice of appeal and supporting brief in the prison mail system on May 26, 2017, and the notice itself was filed on February 14, 2018. ECF No. 9.

[87] ECF No. 9 at Ex. 44.

[88] *State v. Anderson*, 152 Ohio St.3d 1449, 2018-Ohio-1600, 96 N.E.3d 302.

[89] ECF No. 9 at Ex. 40.

[90] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. See, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Anderson's denial was journalized on April 25, 2018 (ECF No. 9 at Ex. 49) and the notice of appeal was filed on June 8, 2018, rendering it untimely. ECF No. 9 at Ex. 61.

[91] ECF No. 9 at Ex. 50-51.

Anderson also filed *pro se* motions for a time extension to file a post-conviction relief petition, for copies of documents, for subpoena in one of the consolidated cases.[92] The State opposed Anderson's motions and the trial court denied Anderson's motions on August 15, 2018.[93]

Anderson filed yet another *pro se* motion, on June 8, 2018, for delayed post-conviction and an untimely *pro se* petition[94] to vacate or set aside judgement of conviction or sentence. Anderson raised the following claim in his petition:

1.      When the State withholds from a criminal defendant evidence that is material to his guilt or punishment it violates his right to due process of law in violation of the Fourteenth Amendment. By petition being denied his discovery and transcripts which he needs to prove his innocence the State is depriven [sic.] him of life without due process and equal protection of the laws in violation of Amendment VIV and Amendment V. Not only do this violates his Amendments it violates his right as a human [sic.]. Universal of Human Rights Article 11 State a person should have all guarantees necessary for his defense.[95]

Anderson then filed a motion for appointment of counsel and a motion for expert assistance.[96] The trial court denied these motions and Anderson's motion to set aside judgement on June 20, 2018.[97] Anderson filed a post-judgement reply to the State's response in

---

[92] *Id.*, at Ex. 56.
[93] *Id.*, at Ex. 59.
[94] *Id.*, at Ex. 60.
[95] ECF No. 9 at Ex.
[96] *Id.*, at Ex. 65-66.
[97] *Id.*, at Ex. 66.

opposition.[98]

Anderson did not file a timely appeal in the state appellate court and his filing deadline expired on July 20, 2018.[99]

## Petition for Writ of Habeas Corpus

Anderson claims his placed his *pro se* habeas petition in the prison mail system on August 18, 2018.[100]  He raises nine grounds for relief:

**GROUND ONE:** Judicial finding contrary to the evidence.

**GROUND TWO:** Prosecution Misconduct.

**GROUND THREE:** Manifest Weight.

**GROUND FOUR:** Ineffective assistance of trial counsel.

**GROUND FIVE:** Relevance as defined by Federal Rule of Evidence 402.

**GROUND SIX:** Faulty Police Methods.

**GROUND SEVEN:** Other acts testimony.

**GROUND EIGHT:** Ineffective assistance of appellant [sic.] counsel.

**GROUND NINE:** Insufficient evidence.[101]

## Analysis

**A.  Preliminary observations**

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Anderson is currently in state custody as the

---

[98] *Id.*, at Ex. 67.
[99] Ohio App.R. 4(A)(1); Ohio App.R. 14(A); ECF No 9.
[100] ECF No. 1.
[101] ECF No. 1. at 16-21.

result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the " in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[102]

2.    There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[103]

3.    In addition, my review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[104]

4.    Finally, Anderson has not requested the appointment of counsel,[105] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[106]

## B.    Standards of review

### 1.    *AEDPA*

AEDPA[107], codified at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas corpus.[108] Under AEDPA, a federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in state court unless the state adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or

---

[102] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[103] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[104] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[105] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[106] 28 U.S.C. § 2254(e)(2).

[107] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[108] See 28 U.S.C. § 2254 (2012).

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding.[109]

The Supreme Court teaches that this standard for review is indeed both "highly deferential" to state court determinations[110] and "difficult to meet,"[111] thus preventing petitioner and federal court alike "from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."[112]

a.     "Contrary to" or "unreasonable application of" clearly established federal law

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[113] In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[114] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case[115] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[116] A state

---

[109] See 28 U.S.C. § 2254 (2012).
[110] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).
[111] *Id.* (citation omitted).
[112] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).
[113] *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012) (quoting Williams v. Taylor, 529 U.S. 362, 412 (2000)).
[114] *Brumfield v. Cain*, 135 S. Ct. 2269, 2293 (2015).
[115] *Id.*
[116] *Id.*

court's decision does not rise to the level of being "contrary to" clearly established federal

law simply because that court did not cite the Supreme Court.[117] The state court need not

even be aware of the relevant Supreme Court precedent, so long as neither its reasoning

nor its result contradicts it.[118] Under the "contrary to" clause, if materially indistinguishable

facts confront the state court, and it nevertheless decides the case differently than the Su-

preme Court has previously, a writ will issue.[119] When no such Supreme Court holding

exists, the federal habeas court must deny the petition.[120]

A state court decision constitutes an "unreasonable application" of clearly estab-

lished federal law when it correctly identifies the governing legal rule but applies it unrea-

sonably to the facts of the petitioner's case.[121] Whether the state court unreasonably applied

the governing legal principle from a Supreme Court decision turns on whether the state

court's application was objectively unreasonable.[122] A state court's application that is

"merely wrong," even in the case of clear error, is insufficient.[123]  To show that a state court

decision is an unreasonable application, a petitioner must show that the state court ruling

---

[117] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[118] *Id*.

[119] *See id*.

[120] *White v. Woodall*, 134 S. Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000)).

[121] *Id*. (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[122] *White v. Woodall*, 134 S. Ct. 1697, 1699 (2014) (quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003)).

[123] *Id*.

16

on the claim being presented to the federal court   was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."[124] Under the   unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.      Unreasonable determination" of the facts

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference: Under § 2254(e)(1),   a determination of a factual issue made by a [s]tate court shall be presumed to be correct."[125] A federal court may not characterize a state court factual determination as unreasonable  merely because [it] would have reached a different conclusion in the first instance."[126] While such deference to state court determinations does not amount to an   abandonment or abdication of judicial review" or   by definition preclude relief," it is indeed a difficult

---

[124] *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).
[125] *Brumfield*, 135 S. Ct. at 2277.
[126] 28 U.S.C. § 2254(e)(1) (2012).

standard to meet.[127]   The role of a federal habeas court is to guard against extreme mal-

functions in the state criminal justice systems, not to apply de novo review of factual find-

ings and to substitute its own opinions for the determination made on the scene by the trial

judges."[128]

### 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a

claim for relief if the petitioner failed to obtain consideration of that claim on its merits in

state court, either because the petitioner failed to raise it when state remedies were still

available or because of some other violation of a state procedural rule.[129]

When the State asserts a violation of a state procedural rule as the basis for the

default, the Sixth Circuit has long-employed a four-part test to determine if the claim is

procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address
the merits of the petitioner's claim?

---

[127] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[128] *Davis v. Ayala*, 135 S. Ct. 2187, 2202 (2015) (citation omitted).

[129] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)      Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[130]

In addition to establishing these elements, the state procedural rule must be (a) firmly established and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[131]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[132] In addition, a showing of actual innocence may also excuse a procedural default.[133]

To establish  cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[134] Demonstrating  prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[135] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[136]

---

[130] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).
[131] *Smith v. Ohio Dep't of Rehab. & Corrs*., 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).
[132] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[133] *Id.*
[134] *Id.* at 753.
[135] *United States v. Frady*, 456 U.S. 152, 170 (1982).
[136] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[137]   In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[138]

### 3.    *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[139] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[140] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[141]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of  fundamental fairness" at trial.[142] The Supreme Court has made clear that it defines  very narrowly" the category of infractions

---

[137] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).
[138] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).
[139] 28 U.S.C. 2254(a).
[140]  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).
[141] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
[142] *Id.*

that violate the  fundamental fairness" of a trial.[143] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[144]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[145] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law and may not second-guess a state court's interpretation of its own procedural rules.[146] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[147] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[148]

## C.    Application of standards

### 1.    *Ground One should be dismissed as procedurally defaulted and noncognizable.*

Ground One must be dismissed as procedurally defaulted and noncognizable for several reasons. First, 28 U.S.C. § 2254 does not establish that federal habeas corpus relief

---

[143] *Bey*, 500 F.3d at 522 quoting *Dowling v. United States*, 493 U.S. 342, 352 (1996).
[144] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).
[145] *Bey*, 500 F.3d at 522 quoting *Dowling v. United States*, 493 U.S. 342, 352 (1996).
[146] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).
[147] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).
[148] *Gilliard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006).

may be granted for judicial findings   contrary to the evidence,"[149] as Anderson argues here.

Considering Anderson's claim in the best light possible, his claim can be understood as a manifest weight of the evidence claim. While Anderson did bring forth a claim of the manifest weight of the evidence at the state appellate level and to the Ohio Supreme Court, he did so without relying on federal law of any kind.[150] Therefore, Anderson's claim of a due process violation has not been fairly presented at the state level, and as such, is procedurally defaulted.

Further, it is well established that the Due Process Clause does not provide relief for defendants whose conviction are against the manifest weight of the evidence and that manifest weight of the evidence claims are noncognizable for federal habeas corpus review.[151] In Ohio, a claim that a verdict was against the manifest weight of the evidence requires the appellate court to act as a thirteenth juror and to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, 'The jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[152] Such a claim only raises a state law issue, and a federal habeas court is not

---

[149] 28 U.S.C. 2254.
[150] ECF No. 9 at Ex. 34.
[151] *Walker v. Engle*, 730 F.2d 959, 969 (6th Cir. 1983), *State v. Thompkins*, 78 Ohio St.3d. 380 (1997).
[152] *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *Tibbs v. Florida*, 457 U.S. 31, 421-47 (1982).

vested with the authority to conduct such an exhaustive review.[153] To provide habeas corpus relief for Anderson's manifest weight of the evidence claim would be to erroneously render this court an additional state appellate court. Consequently, I recommend Ground One be dismissed as procedurally defaulted and noncognizable.

**2.    *Ground Two should be dismissed as procedurally defaulted and denied as meritless.***

Ground Two must be dismissed as procedurally defaulted and denied as meritless for several reasons. Anderson's claim of prosecutorial misconduct does not render him eligible for habeas relief because it is procedurally defaulted for failure to fairly present a federal constitutional due process claim of prosecutorial misconduct in his appeal to the state.[154] The State correctly notes in its return of the writ that Anderson  did not raise a federal constitutional prosecutorial misconduct claim in his direct appeals to the state appellate court and Ohio Supreme Court. [155]

Second, Anderson's claim is meritless. On this matter, the State correctly notes  this

---

[153] 28 U.S.C. § 2254(a).
[154] ECF No. 9 at Ex. 19-20.
[155] ECF No. 9 at 34.

court may deny relief on the merits, notwithstanding a failure to exhaust where appropriate."[156] Further, that appellate court found that Anderson's argument for prosecutorial conduct was unfounded because the evidence the prosecution allegedly mishandled contained nothing exonerating to Anderson upon review.[157] Anderson has not rebutted these findings by clear and convincing evidence, nor has he established that the state appellate court's decision is contrary to any clearly established federal law pertaining to prosecutorial misconduct.[158] As the State notes, under U.S.C. 28 § 2254 this court must presume the appellate court's findings are correct.[159] Subsequently, I recommend this court defer to the appellate court's decision to dismiss and deny Anderson's claim of prosecutorial misconduct.

3.  ***Ground Three should be dismissed as procedurally defaulted and noncognizable.***

Ground Three must be dismissed as procedurally defaulted and noncognizable for several reasons. As noted by the State, Anderson failed to present these claims in a timely manner to the Supreme Court of Ohio on direct appeal.[160] Anderson filed a pro se appeal notice along with a motion for discovery and a motion for transcripts, yet the Ohio Supreme

---

[156] 28 U.S.C. § 2254(b)(2); Hanna v. Ishee, 694 F.3d 596, 610 (6th Cir. 2012).
[157] ECF No. 9 at Ex. 43.
[158] *Id.*
[159] *Id*. at 35.
[160] *Id.* at Ex. 19.

denied the motions and dismissed the case, declining to accept jurisdiction.[161] This dismissal by the Ohio Supreme Court constitutes an adequate and independent state law ground on which the state may now foreclose review by the federal habeas court.[162]

Alternatively, Ground Three is also non-cognizable. While Anderson did bring forth a claim of the manifest weight of the evidence at the state appellate level and to the Ohio Supreme Court, he did so without relying on federal law of any kind.[163] Therefore, Anderson's claim of a due process violation should be here dismissed as procedurally defaulted because Anderson failed to fairly present the claim to the state's highest court through the state's ordinary appellate review procedure.[164]

Further, it is well established that the Due Process Clause does not provide relief for defendants whose conviction are against the manifest weight of the evidence and that manifest weight of the evidence claims are noncognizable for federal habeas corpus review.[165] As established above in response to Anderson's first manifest weight claim, to provide habeas corpus relief for Anderson's manifest weight of the evidence claim would be to utilize this court as an additional state appellate court without the proper authority to do so. Consequently, I must recommend that Ground Three is dismissed as procedurally defaulted

---

[161] *Id.* at Ex. 47-48.
[162] *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).
[163] ECF No. 9 at Ex. 43.
[164] *O'Sullivan v. Boerckel*, 326 U.S. 838, 847 (1999).
[165] *Walker v. Engle*, 730 F.2d 959, 969 (6th Cir. 1983), *State v. Thompkins*, 78 Ohio St.3d. 380 (1997).

and noncognizable.

### 4.    *Ground Four should be dismissed as procedurally defaulted in part and denied as meritless in part.*

Ground Four must be dismissed as procedurally defaulted and denied as meritless for several reasons. First, Anderson did not properly present his Sixth Amendment claims before the state court, and therefore the claims are precluded from review.[166] While Anderson did raise a Sixth Amendment right to trial counsel claim in his direct appeal to the state appellate court and the Ohio Supreme court,[167] the State correctly notes that Anderson's claims were based solely on allegations that his trial counsel was unconstitutionally ineffective for failing to successfully object to the trial court's joinder of his criminal cases.[168] Beyond the ineffective assistance of counsel claim based on an insufficient objection to joinder, the remaining Sixth Amendment right to trial counsel claims in Anderson's petition are procedurally defaulted.

Regarding the exhausted claim of ineffective assistance of counsel claim based on an insufficient objection to the joinder of Anderson's four criminal cases, the appellate court found that Anderson's claim was meritless:  The trial court was within its discretion

---

[166] ECF No. at Ex. 19-20.
[167] ECF No. 9 at Ex. 19 and 38.
[168] ECF No. 1 at 18-19.

26

to grant the state's request for joinder and deny the defense counsel's motion for sever-

ance."[169] Anderson has not rebutted this finding by clear and convincing evidence and in

his federal habeas action,[170] this Court must presume the state appellate court's factual

findings are correct.[171] Further, because Anderson has produced no evidence that the state

appellate court's rejection of the Sixth Amendment ineffective assistance of trial counsel

claim was contrary to or an unreasonable application of federal law,[172] I recommend this

court deny and dismiss Anderson's claim as procedurally defaulted and without merit.

### 5. *Ground Five should be dismissed as procedurally defaulted and noncognizable.*

Ground Five must be dismissed as noncognizable because Anderson does not raise

a federal claim under which habeas relief can be granted. First, 28 U.S.C. § 2254 does not

establish that federal habeas corpus relief may be granted for judicial findings  Relevance

as Defined by Federal Rule of Evidence 404,"[173] as Anderson argues here. Considering

Anderson's claim in the best light possible, his claim can be understood as a manifest

weight of the evidence claim. While Anderson did bring forth a claim of the manifest

weight of the evidence at the state appellate level and to the Ohio Supreme Court, he did

---

[169] ECF No. 9 at Ex. 43.
[170] ECF No. 9 at Ex. 34.
[171] 28 U.S.C. § 2254 (e)(1).
[172] ECF No. 1 at 18-19.
[173] 28 U.S.C. § 2254(a).

so without relying on federal law of any kind.[174] Therefore, Anderson's claim of a due

process violation has not been fairly presented at the state level, and as such, is procedurally

defaulted.

Finally, I have already established that the Due Process Clause does not provide

relief for defendants whose conviction are against the manifest weight of the evidence and

that manifest weight of the evidence claims are noncognizable for federal habeas corpus

review.[175] Consequently, I recommend Ground Five be dismissed as procedurally defaulted

and noncognizable.

### 6.    *Ground Six should be dismissed as procedurally defaulted and noncognizable.*

Ground Six must be dismissed as noncognizable because Anderson does not raise a

federal claim under which habeas relief can be granted. First, 28 U.S.C. § 2254 does not

establish that federal habeas corpus relief may be granted for judicial findings  Faulty Po-

lice Methods," as Anderson argues here.[176] Considering Anderson's claim in the best light

possible, his claim can be understood as a manifest weight of the evidence claim. While

Anderson did bring forth a claim of the manifest weight of the evidence at the state appel-

late level and to the Ohio Supreme Court, he did so without relying on federal law of any

---

[174] ECF No. 1 at 19.
[175] *Walker v. Engle*, 730 F.2d 959, 969 (6th Cir. 1983), *State v. Thompkins*, 78 Ohio St.3d. 380 (1997).
[176] 28 U.S.C. § 2254(a).

kind.[177] Therefore, Anderson's claim of a due process violation has not been fairly presented at the state level, and as such, is procedurally defaulted.

Further, I have established here that the Due Process Clause does not provide relief for defendants whose conviction are against the manifest weight of the evidence and that manifest weight of the evidence claims are noncognizable for federal habeas corpus review.[178]  Consequently, I recommend Ground Six be dismissed as procedurally defaulted and noncognizable.

### 7.    Ground Seven should be dismissed as procedurally defaulted and denied as meritless.

Ground Seven must be dismissed as procedurally defaulted and denied as meritless for several reasons. Anderson's other acts evidentiary ruling claim does not render him eligible for habeas relief because it is procedurally defaulted for failure to fairly present a federal constitutional due process claim of  other acts" in his appeal to the state.[179] The State correctly notes in its return of the writ that Anderson  did not fairly present a federal constitutional due process claim related to his seventh relief ground to the state appellate court and Ohio Supreme court."[180] Anderson raised his other acts claim strictly as a state

---

[177] ECF No. 9 at Ex. 19, 34.
[178] *Walker v. Engle*, 730 F.2d 959, 969 (6th Cir. 1983), *State v. Thompkins*, 78 Ohio St.3d. 380 (1997).
[179] ECF No. 9.
[180] *Id.*

law claim in state court.[181] Subsequently, Anderson's inexcusable state court procedural defaults precludes federal habeas review on the matter.

Second, Anderson's claim is meritless. On this matter, the State correctly notes this court may deny relief on the merits, notwithstanding a failure to exhaust where appropriate."[182] Further, that appellate court found that Anderson's other acts claim was unfounded because the state met the necessary joinder test," needed to prove the court has properly joined the four criminal cases against Anderson.[183] Therefore, the other acts" which Anderson argues was improperly used as evidence were necessarily included at trial as a result of the proper joinder.[184] Anderson has not rebutted these findings by clear and convincing evidence, nor has he established that the state appellate court's decision is contrary to any clearly established federal law pertaining to prosecutorial misconduct.[185] As the State notes, under U.S.C. 28 § 2254 this court must presume the appellate court's findings are correct.[186] Subsequently, I recommend this court defer to the appellate court's decision to dismiss and deny Ground Seven.

---

[181] ECF No. 9 at Ex. 19.
[182] 28 U.S.C. § 2254(b)(2); *Hanna v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012).
[183] ECF No. 9 at Ex. 43.
[184] ECF No. 1 at 20.
[185] ECF No. 9 at 60.
[186] 28 U.S.C. § 2254(e)(1).

### 8.    *Ground Eight should be denied as meritless.*

Anderson is not entitled to habeas relief under the claim of ineffective assistance of appellate counsel because the claim is without merit. While Anderson properly exhausted Ground Eight at the state appellate level and in the Ohio Supreme Court, the state appellate court reasonably denied Anderson's claim in accord with the correct clearly established Supreme Court precedent.[187] On review, the state appellate court determined Anderson's claim that his appellate counsel was ineffective for not raising the issue was not well founded.[188] Anderson has not rebutted the state appellate court's findings by clear and convincing evidence[189] and in this federal habeas action, therefore, I must presume the state appellate court's factual findings are correct.[190] Further, because Anderson has produced no evidence that the state appellate court's rejection of the Sixth Amendment ineffective assistance of appellate counsel claim was contrary to or an unreasonable application of federal law,[191] I recommend this claim be denied as lacking merit.

### 9.    *Ground Nine should be dismissed as procedurally defaulted and noncognizable.*

Finally, Ground nine should be dismissed for several reasons. First, Anderson is not entitled to habeas relief on his evidence sufficiency claim because it has not been exhausted

---

[187] ECF No. 9 at Ex. 43.

[188] *Id.*

[189] ECF No. 9 at 60.

[190] 28 U.S.C. § 2254(e)(1).

[191] ECF No. 1 at 20.

in the state appellate court or Ohio Supreme Court. While Anderson presents his claim as an evidence sufficiency question, the State contends his claims is a *de facto* manifest weight of the evidence claim and is therefore noncognizable.[192]

Where there is a claim of insufficient evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.[193] Whereas, a manifest weight claim carries a much broader analysis.[194] The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.[195]

In deciding which of these claims has arisen, this court must consider if the defendant seeks to have this court reweigh evidence and make credibility determination.[196] In his petition, Anderson argues this court ought to reweigh the evidence regarding his ability to enter the victim's residence, the credibility of the victim's testimony, and reconsider the weight of the existing evidence against him.[197] Anderson seeks to ignore the majority of the evidence against him which was sufficient at the trial and appellate level.[198] In doing

---

[192] ECF No. 9 at 62.
[193] *State v. Martin*, 20 Ohio App. 3d 172, 175 (1983).
[194] *Id.*
[195] *Id.*
[196] *Id.*
[197] ECF No. 1 at 21.
[198] *Id.*

so, Anderson raises issues characteristic of a determination of manifest weight, rather than that of the sufficiency of the evidence.

As such, it is well settled that the Due Process Clause does not provide relief for defendants whose conviction are against the manifest weight of the evidence and that manifest weight of the evidence claims are noncognizable for federal habeas corpus review.[199] As established above in response to Anderson's first manifest weight claim, to provide habeas corpus relief for Anderson's manifest weight of the evidence claim would be to utilize this court as an additional state appellate court without the proper authority to do so. In addition, and as mentioned above, Anderson's manifest weight claim is procedurally defaulted for failure to fairly present a federal constitutional argument before the state appellate court and the Supreme Court of Ohio. Consequently, I must recommend that Anderson's ninth ground for habeas relief be dismissed as noncognizable and procedurally defaulted.

**10.    *None of the procedural defaults have been cured by a showing of cause and prejudice or by a showing of actual innocence.***

Anderson has not filed a traverse and has not attempted any showing of cause and prejudice such as would cure the procedural defaults detailed above.[200]   The petition is

---

[199] *Walker v. Engle*, 730 F.2d 959, 969 (6th Cir. 1983), *State v. Thompkins*, 78 Ohio St.3d. 380 (1997).
[200] ECF No. 1.

silent as to any new or reliable evidence showing of actual innocence or excuse for procedural defaults.[201] Finally, for each of the procedural defaults, Anderson cannot rely on ineffective assistance of appellate counsel for excuse because the state appellate court reasonably rejected Anderson's ineffective assistance of counsel claim[202] and this court must defer to the to that decision.[203]

**Conclusion**

For the reasons stated above, I recommend that the *pro se* petition of Shyne Anderson for a writ of habeas corpus be dismissed in its entirety with prejudice.

IT IS SO RECOMMENDED.

Dated: July 26, 2020                         s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

---

[201] *Id.*
[202] *State v. Anderson*, 8th Dist. Cuyahoga No. 104460, 2018-Ohio-82.
[203] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[204]

---

[204] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).