UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shyne V. Anderson,                                    Case No.  1:18-cv-1996

        Petitioner,

    v.                                             MEMORANDUM OPINION
                                         AND ORDER

Charmaine Bracy,

        Respondent.

## I.  INTRODUCTION

Petitioner Shyne V. Anderson has filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on

charges stemming from four indictments against him.  (Doc. No. 1).  Magistrate Judge William H.

Baughman, Jr., reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2)

and recommends I deny Anderson's petition.  (Doc. No. 19).  Anderson filed objections to Judge

Baughman's Report and Recommendation.  (Doc. No. 21).  Respondent Charmaine Bracy,[1] filed a

response to Anderson's objections.  (Doc. No. 22).  Anderson replied to Respondent's response.

(Doc. No. 25).

Anderson also filed a motion for discovery and a request for an evidentiary hearing.  (Doc.

No. 23).  Respondent opposed this motion, (Doc. No. 24), and Anderson replied.  (Doc. No. 26).

---

[1]  Anderson currently is incarcerated at the Ohio State Penitentiary in Youngstown, Ohio, where
Bowen is the warden.  The Clerk of Court is ordered to substitute Bracy as the Respondent in this
case.  Fed. R. Civ. P. 25(d).

For the reasons stated below, I deny Anderson's motion for discovery and an evidentiary hearing, overrule his objections, adopt Judge Baughman's recommendations, and dismiss Anderson's petition.

## II. BACKGROUND

Between December 2015 and February 2016, Anderson was indicted by Cuyahoga County grand juries in four separate cases on charges arising from incidents involving acts of violence against two women. *State v. Anderson*, 86 N.E.3d 870 (Ohio Ct. App. 2017). The trial court joined all four cases for trial and Anderson waived his right to a jury trial. Anderson ultimately was convicted of one count of felonious assault, two counts of kidnapping, two counts of aggravated burglary, one count of domestic violence, two counts of criminal damaging, one count of rape, two counts of grand theft, one count of intimidation of a crime victim, one count of assault, one count of burglary, one count of robbery, and one count of abduction. *Id.* at 873-75. He was sentenced to a total of 22 years in prison. *Id.* at 875.

While Anderson claims I am "obliged to make a de novo assessment . . . of whether [the] factual findings were fairly supported by the record," (Doc. No. 21 at 23), that is not the law. Instead, it is Anderson's burden to demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. 28 U.S.C. § 2254(e)(1). *See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)). He has not done so. Therefore, I overrule his objection to the factual and legal background sections of the Report and Recommendation.

## III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R.

Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV.  DISCUSSION

### A.  DISCOVERY

If the petitioner requests an evidentiary hearing, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted."  Rule 8(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

"Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing."  *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citation and internal quotation marks omitted).  "'[B]ald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or to require an evidentiary hearing.'"  *Id.* at 460 (quoting *Zettlemoyer v. Fulcomer,* 923 F.2d 284, 301 (3d Cir. 1991)).

Anderson contends he is entitled to an evidentiary hearing because the common pleas court judge who presided over his trial "relied on personal opinion [rather] than the record."  (Doc. No. 21 at 22).  He also claims he "feel[s] it[']s a high probability there is favorable evidence" that allegedly was not disclosed before his trial that would prove his innocence.  (Doc. No. 23 at 3).  But the record shows Anderson's attorney requested, and the State of Ohio produced, discovery during

3

the trial proceedings.  (Doc. No. 9-1 at 39).  Anderson provides no basis for his conclusory

allegation that there is other discoverable evidence which was not disclosed prior to trial and,

therefore, he fails to show an evidentiary hearing is warranted.  I deny his motion.  (Doc. No. 23).

### B.    HABEAS PETITION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the

issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in

State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Anderson presents the following grounds for relief:

**Ground One**: Judicial finding contrary to the evidence

**Ground Two**: Prosecution misconduct

**Ground Three**:  Manifest Weight [of the evidence]

**Ground Four**:  Ineffective assistance of trial counsel

**Ground Five**:  Relevance as defined by Federal Rule of Evidence 404

**Ground Six**:  Faulty police methods

**Ground Seven**: Other acts testimony

**Ground Eight**: Ineffective assistance of appell[ate] counsel

**Ground Nine**:  Insufficient evidence

(Doc. No. 1 at 16-21).

Judge Baughman recommends I dismiss Grounds One, Three, Five, Six, and Nine as procedurally defaulted and not cognizable in habeas proceedings, dismiss Grounds Two, Four, and Seven as procedurally defaulted and meritless, and deny Ground Eight as meritless.  (Doc. No. 19).

### A.  MANIFEST WEIGHT OF THE EVIDENCE

"A manifest-weight-of-the-evidence claim in Ohio is a state law claim that is similar to but ultimately different from a federal constitutional claim that the evidence was insufficient to support a conviction."  *Schwarzman v. Gray*, No. 17-3859, 2018 WL 994352, at *3 (6th Cir. Jan. 30, 2018) (citing *State v. Thompkins*, 678 N.E.2d 541, 546 (Ohio 1997)).  Federal habeas relief is not available for state law errors.  *See, e.g., Swarthout v. Cooke*, 562 U.S. 216, 219 (2011).  An appellate court, in considering a manifest-weight claim, reviews:

> the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses[,] and determines whether[,] in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.

*State v. Martin*, 485 N.E.2d 717, 720-21 (Ohio Ct. App. 1983) (citing *Tibbs v. Florida*, 457 U.S. 31, 38, 42 (1982) (further citation omitted).

In Ground Three, Anderson asserts his convictions on at least some of the charges asserted in each of the four of the indictments against him were against the manifest weight of the evidence.  (Doc. No. 1 at 17-18).  He asserted this claim during his direct appeal.  The Court of Appeals of Ohio, Eighth District, after considering the parties' briefing on appeal and the trial court record, stated:

> Anderson essentially asks this court to re-evaluate the credibility of the witnesses and re-weigh the inferences from their testimony.  Our authority to weigh the evidence and reasonable inferences is greatly restrained by case law authority holding that the credibility of witnesses' testimony is primarily a matter to be determined by the factfinder. . . . We afford the trier of fact great deference because it is in the best position to observe the witnesses' demeanor and assess their credibility.  As such, our power to reverse a judgment as against the manifest weight of the evidence is to

5

> be exercised with extreme caution.  After reviewing the record, we cannot say the
> trial court lost its way in convicting the defendant of multiple offenses he was
> charged with.  We decline to exercise our discretionary power to grant a new trial.

*Anderson*, 86 N.E.3d at 876.

Judge Baughman recommended, in part, that I dismiss Ground Three because it is not cognizable in habeas proceedings.  Anderson did not object to this recommendation.  (*See* Doc. No. 21).  Therefore, he has waived *de novo* review of Judge Baughman's recommendation on Ground Three.  *See* 28 U.S.C. § 636(b)(1)(C).  I adopt Judge Baughman's recommendation and dismiss Ground Three as noncognizable.

After reviewing Anderson's arguments in support of Grounds One, Five, Six, and Nine, Judge Baughman recommends I conclude those claims are best understood as claims challenging the manifest weight of the evidence as well.  (Doc. No. 19 at 21-22, 27-29, and 31-33).  Anderson did not object to these recommendations, arguing instead that any procedural default of these claims should be excused.  (Doc. No. 21 at 3-7, 15-18, and 19-21).  I agree these grounds for relief – which challenge the trial court's determinations regarding witness credibility and allege the prosecution presented perjured testimony, (*see, e.g., id.* at 15-16, 19) – are best understood as challenging the manifest weight of the evidence presented at trial.  Because such claims are not cognizable in federal habeas proceedings, I adopt Judge Baughman's recommendations and dismiss Grounds One, Five, Six, and Nine.

### B.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In Ground Eight, Anderson alleges he received ineffective assistance from the attorney appointed to represent him in his direct appeal, because that attorney allegedly failed to raise all of the assignments of error Anderson believes should have been raised.  (Doc. No. 1 at 20).  While his direct appeal was pending, Anderson filed a disciplinary complaint against his appellate attorney with the Disciplinary Counsel of the Supreme Court of Ohio, as well as a motion to remove his attorney.

6

(*See* Doc. No. 9-1 at 144-45, 148-49).  The Eighth District Court of Appeals denied Anderson's motion.  (*Id.* at 151).

A habeas petitioner must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim.  *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness,'" while prejudice "means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient performance], the result of the proceeding would have been different.'"  *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694) (alteration added by *Nichols*).

Appellate counsel "has no obligation to raise every possible claim" on appeal, and "the decision of which among the possible claims to pursue is ordinarily entrusted to counsel's professional judgment."  *McFarland v. Yukins*, 356 F.3d 688, 710 (6th Cir. 2004) (citing *Jones v. Barnes,* 463 U.S. 745, 751-54 (1983) and *Smith v. Murray,* 477 U.S. 527, 536 (1986)).  "Counsel's performance is strongly presumed to be effective."  *Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000) (citing *Strickland*, 466 U.S. at 690 and *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

When asserting an ineffective assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'"  *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)).  Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential."  *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (citations omitted).

In his application to reopen his appeal, Anderson argued "his appellate counsel should have argued prosecutorial misconduct, ineffective assistance of trial counsel, improper evidence, [and]

insufficient evidence." *State v. Anderson*, 2018-Ohio-82, 2018 WL 386592, at *1 (Ohio Ct. App. Jan. 10, 2018).  The Eighth District Court of Appeals considered and rejected each of these arguments. *Id.*, at *3-4.  That court ruled: (a) Anderson's allegations of prosecutorial misconduct were not supported by the trial court record and, therefore, appellate counsel was not ineffective in failing to raise that claim; (b) appellate counsel's choice to pursue some arguments in support of an ineffective-assistance-of-trial-counsel claim, but not others, was a reasonable strategic choice; (c) appellate counsel's decision to pursue some, but not all, of Anderson's evidentiary arguments in the manifest weight argument was a reasonable strategic choice.  *Id.*

Anderson effectively reiterates his earlier arguments here, claiming his appellate attorney "fil[ed] the weakest grounds possible and [ignored] every strong ground Petitioner asked her to file . . . ." (Doc. No. 21 at 18).  I find those arguments no more persuasive than did the Eighth District Court of Appeals.  Alexander fails to show the state court's rejection of his ineffective assistance of appellate counsel claim was "'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)).  Therefore, I overrule his objection and dismiss Ground Eight because it is without merit.

### C.    GROUNDS TWO, FOUR, AND SEVEN

Judge Baughman recommends I conclude Grounds Two, Four, and Seven should be dismissed as procedurally defaulted or, in the alternative, denied as meritless.  In Ground Two, Anderson claims the prosecution engaged in misconduct by withholding favorable evidence, while in Ground Four, he alleges his trial attorney was constitutionally ineffective.  (Doc. No. 1 at 17, 19).  In Ground Seven, Anderson asserts he was prejudiced through the admission of certain other acts evidence.  (*Id.* at 20).

Ordinarily, "a habeas petitioner must give the state courts the first opportunity to consider and rule upon the federal claims the prisoner wishes to use to attack his state court conviction." *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)). If a petitioner did not do so, and a state procedural rule now prevents him from raising the claims in state court, those claims are barred by the procedural default rule. *Pudelski*, 576 F.3d at 605 (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)). Section 2254(b)(2) also permits a court to deny a petitioner's claims on the merits, notwithstanding the petitioner's failure to comply with the state procedural rules. *See Hanna v. Ishee*, 694 F.3d 596, 610 (6th Cir. 2012); *Pudelski*, 576 F.3d at 606-07.

Anderson did not object to Judge Baughman's recommendation as to Ground Seven. (*See* Doc. No. 21 at 17-18). Therefore, he has waived *de novo* review of Judge Baughman's recommendation on Ground Seven. *See* 28 U.S.C. § 636(b)(1)(C). I deny Ground Seven as meritless.

Anderson objects to Judge Baughman's recommendation regarding Ground Two, again claiming the prosecution failed to disclose favorable evidence which he claims would have led to a not guilty verdict on the charge of rape. (Doc. No. 21 at 8-9). He also objects to the recommendation regarding Ground Four, asserting his trial attorney was ineffective in failing to discover this allegedly favorable evidence. (*Id.* at 14-15).

Anderson's objections are not persuasive. As I noted above, the Eighth District Court of Appeals already rejected these arguments in concluding Anderson's appellate attorney was not ineffective, because the allegedly favorable evidence Anderson discusses does not in fact exist and his trial attorney therefore was not ineffective in failing to present it. *See Anderson*, 2018 WL 386592, at *3. Neither of these claims have merit and, therefore, they do not create a basis for habeas relief. *See, e.g., Hanna*, 694 F.3d at 607-18.

### D.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Anderson's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## V.    CONCLUSION

For the reasons stated above, I overrule Anderson's objections, (Doc. No. 21), to Judge Baughman's Report and Recommendation. (Doc. No. 19). I conclude Grounds One, Three, Five, Six, and Nine of Anderson's petition are not cognizable in habeas proceedings and dismiss his petition as to those claims. I also conclude Grounds Two, Four, Seven, and Eight lack merit and deny his petition as to those claims. Further, I deny Anderson's motion for discovery and an evidentiary hearing. (Doc. No. 23).

Finally, I conclude Andersons fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge