UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shyne V. Anderson,                                                    Case No.  1:18-cv-1996

                        Petitioner,

        v.                                                            ORDER

Charmaine Bracy,

                        Respondent.


        Petitioner Shyne V. Anderson filed a petition for a writ of habeas corpus under 28 U.S.C. §

2254, concerning his conviction in the Cuyahoga County, Ohio Court of Common Pleas on charges

stemming from four indictments against him.  (Doc. No. 1).  Magistrate Judge William H.

Baughman, Jr., reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2)

and recommended I deny Anderson's petition.  (Doc. No. 19).  Anderson filed objections to Judge

Baughman's Report and Recommendation, (Doc. No. 21), as well as a motion for discovery and an

evidentiary hearing.  (Doc. No. 23).  I denied Anderson's motion for discovery, overruled his

objections, adopted Judge Baughman's recommendations, and dismissed Anderson's petition.  (Doc.

No. 29).

        Anderson has filed a motion to alter or amend the judgment against him pursuant to Federal

Rule of Civil Procedure 59(e).  (Doc. No. 31).  Rule 59(e) states that a party must file a motion to

alter or amend a judgment within 28 days of the entry of the judgment.  Fed. R. Civ. P. 59(e).  The

party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.,* 469 F.3d 479, 496 (6th Cir. 2006).

Anderson does not identify which of these four reasons supports his motion. Instead, he appears to argue I reached the wrong decision, stating his motion is intended to allow "this honorable court [to] reconsider a just-issued judgment allowing the District Court to rectify its own mistakes in the period immediately following its decision." (Doc. No. 31 at 2). But Rule 59(e) motions are not a substitute for appeal. *Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)). And arguments that a district court erred in ruling against a party are best made to an appellate court. Therefore, I deny Anderson's Rule 59(e) motion. (Doc. No. 31).

Anderson also filed a motion for an order preventing the Ohio Department of Rehabilitation and Correction ("ODRC") from transferring him to another institution until after the completion of his appeals in this case. (Doc. No. 33). Anderson claims that a transfer would deprive him of his legal materials "for weeks" and he would miss court deadlines as a result. (*Id.* at 2). But Anderson fails to show I have the authority to prohibit the ODRC from transferring him due to this hypothetical scenario. Therefore, I deny this motion as well. (Doc. No. 33).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

2